UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
KAREN MELTZ,

                           Plaintiff,

    -against-

PUTNAM COUNTY, DONALD B. SMITH,
PUTNAM COUNTY SHERIFF, SERGEANT
MICHAEL SZABO, DEPUTY SHERIFF
THOMAS LEE AND JOHN DOE,

                           Defendants.
------------------------------------------------------------X

**COMPLAINT**
**DOCKET #**

**07 CIV. 9708**

**JURY TRIAL**
**DEMANDED**

**BRIEANT**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, KAREN MELTZ, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by the fourth and fourteenth amendments to the United States Constitution, and of rights secured under the laws and constitution of the State of New Hampshire. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and other and further relief as this Court deems just and equitable.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the fourth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff requests that this Court exercise supplemental jurisdiction over any state court cause of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. § 1367.

### JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

### VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

### PARTIES

7. The plaintiff, KAREN MELTZ, at all times relevant herein, was a resident of the Town of Carmel, State of New York.

8. The defendant, PUTNAM COUNTY, is a governmental entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a sheriff's department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, PUTNAM COUNTY, assumes the risks incidental to the maintenance of a police force and the employment of law enforcement officers as said risks attach to the public consumers of the services provided by the Putnam County Sheriff's Department.

9. Defendant DONALD B. SMITH is the Sheriff of Putnam County, and is responsible for, and the chief architect of, the policies, practices and customs of the Putnam County Sheriff's Department, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the law enforcement personnel under his command. He is being sued in his official capacity.

10. Defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE were, at all times relevant herein, acting under color of state law as officers, employees and agents of the Putnam County Sheriff's Office, of the defendant, PUTNAM COUNTY. Defendant MICHAEL SZABO is being sued individually and in his official capacity; defendants THOMAS LEE and JOHN DOE in their individual capacity.

## AS AND FOR A FIRST CAUSE OF ACTION:
## CIVIL RIGHTS VIOLATION AGAINST
## DEFENDANTS MICHAEL SZABO, THOMAS LEE AND JOHN DOE

11. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 10 above as is fully set forth herein.

12. On or about October 6, 2006, defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE participated in the arrest of the plaintiff's juvenile son, whose initials are CM, in a parking lot off of Fair Street in Carmel, New York.

13. Defendant MICHAEL SZABO had notified the plaintiff about the arrest by telephone and instructed her to proceed to the scene.

14. At the scene of the juvenile arrest, the plaintiff made comments to the individual defendants regarding their nonconsensual search of her juvenile son. Defendant MICHAEL SZABO responded that if she did not "shut the fuck up," she would be arrested.

15. Plaintiff responded, in substance, "I guess you will have to arrest me." Defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE tackled the defendant and violently threw her to the ground and placed her under arrest.

16.    Defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE, during that incident, violated the plaintiff's civil rights by arresting her without probable cause, assaulting and beating her, and utilizing force far in excess of the amount necessary or legally justified. The use of excessive force by said defendants began shortly prior to the arrest of the plaintiff and continued until well after she was under arrest and in the custody of the defendants.

17.    As a result of the foregoing incident, plaintiff received numerous physical and emotional injuries causing the plaintiff pain and suffering, and medical expenses.

18.    The conduct and action of defendants, MICHAEL SZABO, THOMAS LEE and JOHN DOE, acting under color of state law, was not done in good faith and was done intentionally, maliciously, and sadistically, with a deliberate indifference to the rights of the plaintiff, and was done unnecessarily and wantonly with the purpose of causing harm and inflicting pain, in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the fourth, eighth and fourteenth amendments to the United States Constitution.

19.    Additionally, all law enforcement officials at the scene owed a duty to the plaintiff to intervene on her behalf to prevent the constitutional violations set forth above.

20.    In violation of that duty, defendants THOMAS LEE and/or JOHN DOE failed to intercede.

21.    The breach of that duty articulated above was a proximate cause of the injuries and constitutional deprivations set forth in paragraphs 12-20 above.

## AS AND FOR A SECOND CAUSE OF ACTION:

## CIVIL RIGHTS VIOLATION, SUPERVISORY LIABILITY,

## AGAINST DEFENDANT, MICHAEL SZABO

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 above as is fully set forth herein.

23. Defendant MICHAEL SZABO, as a supervisor of the defendant, PUTNAM COUNTY, was present at the scene and had a duty to intervene to prevent the violation of the plaintiff's civil rights.

24. The conduct of defendant MICHAEL SZABO was the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of the plaintiff's rights as guaranteed by 42 U.S.C. §1983 and the fourth and fourteenth amendments to the United States Constitution.

25. As a direct and proximate result of the defendant's inaction, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

## AS AND FOR A THIRD CAUSE OF ACTION:

## CIVIL RIGHTS VIOLATION AGAINST DEFENDANTS

## PUTNAM COUNTY AND PUTNAM COUNTY SHERIFF SMITH

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 above as is fully set forth herein.

27. At all times material to this complaint, the defendant PUTNAM COUNTY, acting through its SHERIFF SMITH, had in effect *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendants.

28. On information and belief, the defendants PUTNAM COUNTY and SHERIFF SMITH, failed to establish guidelines for, and/or train, supervise or educate its law enforcement personnel, including the defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE, about correct practices and police procedures regarding the legal requirements for an arrest and use of force, thereby permitting defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

29. On information and belief, the defendants PUTNAM COUNTY and SHERIFF SMITH, failed to effectively screen, hire, train, supervise, and discipline its law enforcement personnel, including defendants, for their propensity for violence and the use of excessive force, thereby permitting defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE, to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

30. The defendants PUTNAM COUNTY and SHERIFF SMITH, being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline leads to improper conduct by its employee law enforcement personnel, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

31.    On information and belief, the defendants PUTNAM COUNTY and SHERIFF SMITH, failed to put into place and maintain a structure for risk containment and stress management relative to its employee law enforcement personnel. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual law enforcement personnel; (b) train supervisory personnel to effectively and adequately evaluate the performance of law enforcement personnel; and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit law enforcement personnel of the defendant PUTNAM COUNTY to function at levels of significant and substantial risk to the public at large.

32.    As a result of a conscious policy, practice, custom or usage, defendants PUTNAM COUNTY and SHERIFF SMITH have permitted and allowed for the employment and retention of individuals as law enforcement personnel whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of discriminatory, assaultive, abusive, or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff.

33.    The conduct of defendants PUTNAM COUNTY and SHERIFF SMITH were the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of the plaintiff's rights as guaranteed by 42 U.S.C. §1983 and the fourth and fourteenth amendments to the United States Constitution.

34. As a direct and proximate result of the defendants' wrongful policies, practices, customs and usages complained of herein, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## SUPPLEMENTAL STATE CLAIMS AGAINST ALL THE DEFENDANTS

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 above as is fully set forth herein.

36. The conduct of defendants MICHAEL SZABO, THOMAS LEE and JOHN DOE, alleged herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as PUTNAM COUNTY law enforcement personnel, and while they were acting as agents and employees of the defendants, and as a result, defendants PUTNAM COUNTY and SHERIFF SMITH are liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

37. The plaintiff has filed a timely notice of claim regarding this incident with the defendant, PUTNAM COUNTY. The charges against the plaintiff were adjourned in contemplation of dismissal on November 20, 2006, for a period of six months and were subsequently dismissed.

38. By the actions described above, the defendants individually and collectively, have committed the following wrongful acts against the plaintiff:

    a.    False arrest and imprisonment of the plaintiff, KAREN MELTZ;

    b.    Assault on the person of the plaintiff, KAREN MELTZ;

    c.        Battery on the person of the plaintiff, KAREN MELTZ;

    d.        Intentional and negligent infliction of emotional distress on the plaintiff, KAREN MELTZ; and

    e        Violation of the rights otherwise guaranteed to the plaintiff under the laws and constitutions of the State of New York and the United States.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

    A.        Compensatory damages;

    B.        Punitive damages;

    C.        Enhanced compensatory damages;

    D.        The convening and impaneling of a jury to consider the merits of the claims herein;

    E.        Costs and interest and attorney's fees; and

    F.        Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: October 29, 2007
Manchester, New Hampshire

_____
LAWRENCE A. VOGELMAN (8722)
Nixon, Raiche, Vogelman, Barry & Slawsky, P.A.
77 Central Street
Manchester, NH  03103
(603) 669-7070

Attorneys for the Plaintiff,

KAREN MELTZ

_____
RICHARD D. WILLSTATTER (#5063)
Green & Willstatter
200 Mamaroneck Avenue, Suite 403
White Plains, NY  10601
(914) 948-5656

Attorneys for the Plaintiff,

KAREN MELTZ