UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   ECF Case
KAREN MELTZ,

**ANSWER**

                      Plaintiff,              07 Civ. 9708 (CLB)

    -against-

PUTNAM COUNTY, DONALD B. SMITH,
PUTNAM COUNTY SHERIFF SERGEANT
MICHAEL SZABO, DEPUTY SHERIFF
THOMAS LEE AND JOHN DOE,

                      Defendants.
------------------------------------------------------------X

        For the answer to the complaint of the plaintiff in the above entitled case, defendants, by their attorneys, SANTANGELO RANDAZZO & MANGONE LLP, say:

### PRELIMINARY STATEMENT

        1.    The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendants makes no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court. Further, defendants deny any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION

        2.    The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

        3.    The allegations contained in paragraph "3" of the complaint constitute ~~conclusions of law to which defendants make no answer except to demand strict proof thereof~~

and respectfully refers any and all questions of law to this Honorable Court.

4. The allegations contained in paragraph "4" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

### JURY TRIAL DEMAND

5. No answer is required to paragraph "5" of the complaint.

### VENUE

6. The allegations contained in paragraph "6" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

### PARTIES

7. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of plaintiff's complaint.

8. Defendants admit the allegation contained in paragraph "8" of the plaintiffs' complaint that the defendant, Putnam County, is governmental entity created and authorized under the laws of the State of New York and refer all other questions of law to this Honorable Court.

9. Defendants admit the allegations contained in paragraph "9" of the plaintiff's complaint.

10. Defendants admit the allegations contained in paragraph "10" of the plaintiff's complaint that Michael Szabo and Thomas Lee were acting under color of state law as officers of the Putnam County Sheriff's Office and defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "10" of the

complaint.

## ANSWERING A FIRST CAUSE OF ACTION

11. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-10 of this Answer with the same force and effect as if set forth more fully at length herein.

12. Defendants admit the allegations contained in paragraph "12" of the plaintiff's complaint that Michael Szabo and Thomas Lee participated in the arrest of plaintiff's juvenile son and defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "12" of the complaint.

13. Defendants admit the allegations contained in paragraph "13" of the plaintiff's complaint.

14. Defendants deny the allegations contained in paragraph "14" of the plaintiff's complaint.

15. Defendants deny the allegations contained in paragraph "15" of the plaintiff's complaint.

16. Defendants deny the allegations contained in paragraph "16" of the plaintiff's complaint.

17. Defendants deny the allegations contained in paragraph "17" of the plaintiff's complaint.

18. Defendants deny the allegations contained in paragraph "18" of the plaintiff's complaint.

19. Defendants deny the allegations contained in paragraph "19" of the

plaintiff's complaint.

20. Defendants deny the allegations contained in paragraph "20" of the plaintiff's complaint.

21. Defendants deny the allegations contained in paragraph "21" of the plaintiff's complaint.

### ANSWERING A SECOND CAUSE OF ACTION

22. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-21 of this Answer with the same force and effect as if set forth more fully at length herein.

23. Defendants deny the allegations contained in paragraph "23" of the plaintiff's complaint and refer all questions of law to this Honorable Court.

24. Defendants deny the allegations contained in paragraph "24" of the plaintiff's complaint.

25. Defendants deny the allegations contained in paragraph "25" of the plaintiff's complaint.

### ANSWERING A THIRD CAUSE OF ACTION

26. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-25 of this Answer with the same force and effect as if set forth more fully at length herein.

27. Defendants deny the allegations contained in paragraph "27" of the plaintiff's complaint.

28. Defendants deny the allegations contained in paragraph "28" of the plaintiff's complaint.

29. Defendants deny the allegations contained in paragraph "29" of the plaintiff's complaint.

30. Defendants deny the allegations contained in paragraph "30" of the plaintiff's complaint.

31. Defendants deny the allegations contained in paragraph "31" of the plaintiff's complaint.

32. Defendants deny the allegations contained in paragraph "32" of the plaintiff's complaint.

33. Defendants deny the allegations contained in paragraph "33" of the plaintiff's complaint.

34. Defendants deny the allegations contained in paragraph "34" of the plaintiff's complaint.

### ANSWERING A FOURTH CAUSE OF ACTION

35. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-34 of this Answer with the same force and effect as if set forth more fully at length herein.

36. Defendants deny the allegations contained in paragraph "36" of the plaintiff's complaint.

37. Defendants admit the allegations contained in paragraph "37" of the plaintiff's complaint that the plaintiff has filed a timely notice of claim regarding this incident with the defendant, Putnam County and defendants deny knowledge or information sufficient to form a belief as to the rest of the allegations contained in paragraph "37" of plaintiffs' complaint.

38. Defendants deny the allegations contained in paragraph "38" of the

plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Insofar as plaintiff seeks to impute liability to defendant County of Putnam simply because they are alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of <u>respondeat superior</u> is not available in an action brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. At all times relevant hereto, defendants acted in good faith and took appropriate action in the discharge of their official duties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. Defendants, to the extent they are sued in their individual capacity, are entitled to qualified immunity since at all times they acted in good faith in the discharge of their job duties and their conduct did not violate any clearly established constitutional or statutory rights which a reasonable person would have known.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Defendants at all relevant times acted in accordance with all laws, rules and regulations and pursuant to their statutory authority.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. Any conduct which is alleged by plaintiff is ***de minimis*** and unsubstantial and as such the allegations fail to establish a claim under U.S.C. Section 1983.

## AS AND FOR A SIXTH AFFIRMATION DEFENSE

44. Punitive damages cannot be assessed against the municipal defendant.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

45. For a separate and distinct affirmative defense, the answering defendants allege that any harm which came to plaintiff was a direct and proximate result to plaintiff's own actions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiff has failed to allege that any harm which he may have suffered occurred as a result of a policy and/or custom established by the COUNTY OF PUTNAM and thus the action must be dismissed against the municipal defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

47. That plaintiff's claim or damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 USC Section 1981a).

**W H E R E F O R E,** the defendants pray judgment that the complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the defendants.

Dated: Hawthorne, New York
December 12, 2007

Respectfully submitted,

SANTANGELO RANDAZZO & MANGONE LLP

By: _____
James A. Randazzo (0156)
Attorneys for Defendants
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

TO: Green & Willstatter
Attorneys for Plaintiff
200 Mamaroneck Avenue, Suite 605
White Plains, New York 10601
(914) 948-5656

## CERTIFICATE OF SERVICE

       I, JAMES A. RANDAZZO, hereby certify that on December 12, 2007, I served the within ANSWER upon all parties, by Electronic Case Filing, the address as provided to defendant by notification from this Court:

TO:    Green & Willstatter
         Attorneys for Plaintiff
         200 Mamaroneck Avenue, Suite 605
         White Plains, New York 10601
         (914) 948-5656

_____
James A. Randazzo (JR-0156)